## Case No. 12,067.

The ROSLYN.

The MIDLAND.

[8 Ben. 455.] [1]

District Court, S. D. New York. June, 1876.

COURTS — CONFLICT OF JURISDICTION — RECEIVER
AND MARSHAL—PRACTICE—INTERVENING
UNDER 34TH RULE.

1. Libels were filed on June 9, 1875, against two steamboats to enforce liens for repairs and supplies. Processes were issued, and the marshal returned that he had attached them. On the return, J., as trustee under a mortgage on the boats, appeared in the causes and took time to answer, which afterwards expired, and the default of all persons was entered. J. then presented to the court petitions, as receiver of the boats, setting up that, prior to the issuing of the processes against the boats, they had been attached by the sheriff of the city and county of New York, and had remained in possession of the sheriff until the appointment of J. as receiver of them, which was made in an action in the supreme court of the state, commenced on July 12th, 1875; and that on the 28th of July, 1875, the sheriff had surrendered the possession of the boats to him; but that the marshal claimed to hold possession of the boats under the processes in these actions; and the petitions prayed that the marshal might be directed to amend his return, or that it might be vacated, and that the marshal be instructed not to interfere with the possession of the boats by the petitioner as receiver. On the presentation of these petitions, the court ordered the petitioner to file in each of the causes a stipulation under the 34th admiralty rule, in the full amount of the libellant's claim, which was done. Thereafter answers to the petitions were

[1] [Reported by Samuel H. Hempstead, Esq.]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

filed, and the matter was heard before the court on the petitions and answers and evidence. It appeared in evidence that after the filing of the stipulations, the petitioner had acquired possession of the boats and had run them without interference by the marshal. *Held*, that, as the petitioner had obtained possession of the boats without the order of the court, the order of the court directing the marshal to withdraw from the boats was unnecessary, and the petitions, so far as they prayed for such order, must be dismissed.

2. The court would not compel the marshal to amend his return, nor would it set aside the return which he had made, and the prayer of the petitioner in this regard would be denied.

[Libel to enforce lien for repairs and supplies.]

E. W. Crowell, for petitions.

D. McMahon, in opposition.

BENEDICT, District Judge. These two actions are brought to enforce maritime liens upon two ferry-boats named respectively the Roslyn and the Midland. The libels were filed on the 9th day of June, 1875, and on the same day process in rem issued in each cause, to which processes the marshal on the return day thereof made return that he had duly seized the boats as directed by the writs; whereupon Conrad N. Jordan, trustee under a mortgage upon the boats, appeared and filed an unqualified appearance in each cause. He also moved for and obtained time to file his claim and answer to the libels, which time was, on his further application, extended from time to time until finally it was allowed to expire without an answer being filed. The default of all persons interested, after due publication of notice of seizure, was thereupon entered in each of the causes.

In this stage of the proceedings, Jordan, who had before appeared in the character of trustee, presented to the court an application in the form of a petition made by him in the character of receiver of the two boats, appointed by the supreme court of the state of New York, in which petition he made known his appointment to be receiver of these boats on the 27th day of July, 1875, and averred that prior to the issuing of process against the boats out of the court of admiralty, on the 9th day of June, 1875, the boats had been seized by the sheriff of the city and county of New York, by virtue of certain attachments issued out of the supreme court of the state of New York, against the property of the New Jersey Midland Railroad Co.; and that the possession of the boats had been maintained by the sheriff until the appointment of the petitioner as receiver in an action commenced by him as trustee, on the 12th of July, 1875, in which action the sheriff of the city and county of New York, the attaching creditors and the New Jersey Midland Railway Company, were the parties defendant. That upon his being so appointed receiver of the boats he had received the possession thereof from the sheriff on the 28th day of July, 1875, but found the marshal of the United States claiming to be en-

titled to possession of the boats by virtue of a seizure under the processes in these actions; whereupon the petitioner prayed this court to direct the marshal to amend the return made to such processes, or that such return might be vacated and set aside by the order of this court, and further, that the marshal be instructed not to interfere with the possession of the boats by the petitioner as receiver thereof.

Upon the presentation of this petition it was determined by the court that it was incumbent upon the petitioner, on the facts stated in the petition, to file in each of the causes the stipulation prescribed by the 34th admiralty rule. Under the order of the court therefore the petitioner filed in each cause a stipulation stated to be "stipulation for value," which recites the filing of the libel against the vessel and avers that Conrad N. Jordan, receiver, "has intervened for his interest therein." In this stipulation the petitioner and the sureties consent "that in case of default or contumacy on the part of the said intervenor or his sureties, execution for the sum of fourteen thousand dollars in the one case, and three thousand dollars in the other, may issue against their goods, chattels and lands" and agree "for the 1. of whom it may concern that the stipulators undersigned be and each of them is hereby bound in the sum of fourteen thousand dollars, conditioned that the intervenor shall abide by and shall pay all costs and expenses and damages which shall be awarded against him by the final decree of this court or upon appeal in the appellate court."

After these stipulations, in addition to the ordinary stipulations for costs, had been given, it appears that the boats were run and used by the petitioner and are now being run and used by him without any molestation or claim to possession on the part of the marshal.

The causes now come before the court upon the petitions filed by the petitioner and the answers thereto made by the respective libellants; and the questions arising on such petitions are to be determined. Called on as I have been, owing to the inability of Judge Blatchford to hear the causes, to take them up in their present stage, it is neither incumbent on nor proper for me to pass upon the questions involved in the determination which it is supposed made it necessary for the petitioner to file the stipulations given in these causes. Nor am I required by these petitions to determine the effect of that stipulation. No such issue is raised by the petitions. Neither do these petitions have an effect similar to that of a replevin suit against the sheriff in a state court, and call for a determination whether the right of possession of these boats be in the petitioner or in the marshal. No separate action has been instituted, but simply an incidental proceeding taken in actions actually pending, for the sole purpose of enabling this court to direct its officer to withdraw from these boats upon its being made to appear that the boats are in the lawful cus-

tody of another court, to the end that interference with property in the custody of the law may be prevented.

So considered, the proper disposition of these petitions is plain, since it has been shown by the petitioner that without any determination upon his petitions he has acquired the full and complete possession of the boats, and now has them free from any interference by the officer of this court. Such being the fact the proceeding by petition has become useless, for the relief sought has already and in another manner been obtained. Upon this ground, therefore, and without intending in any way to pass upon the effect of the stipulations for value, I dismiss the petitions so far as they pray that the marshal be required to withdraw from these boats.

The petitions also contain a prayer that the marshal be directed to amend his return made to the processes or that the court would vacate and set aside such returns. This prayer must be refused. It is for the marshal upon his own responsibility to make return to process issued to him. So far as the petitioner is concerned, it is not seen how he can have the right to object if the return be false, while his petition appears to be based upon the assumption that the return is true—whether true or false it is not competent for the court upon an application like the present to direct a different return, or to set aside the return as made.

An application somewhat similar in respect to the marshal's return in the case of The Circassian [Case No. 2,724] was denied by Judge Shipman. For these reasons orders must be made in each of these causes that the prayer of the petitions be denied.

[NOTE. Interlocutory decrees were entered in the two cases in favor of the libelants, and reference was had to a master to ascertain the amount due. The libelants then moved for a decree upon the stipulation, which was opposed by a petition to be relieved from the stipulation, and for leave to take testimony, and show that the libelants were not entitled to the decree. Leave was given, and testimony taken, and the cause was then heard on a motion for a decree against the stipulators, and the petition of the stipulators to be relieved from their stipulation. It was held that the libelants were entitled to a decree upon the stipulation for the amount of their liens as established. Case No. 12,068.]

